461

**Thomas MICKENS, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

No. 06–0140–pr.

United States Court of Appeals,
Second Circuit.

Dec. 19, 2007.

Robert N. Isseks, Middletown, NY, for Petitioner.

David C. James & Jo Ann M. Navickas, Assistant United States Attorneys, for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Respondent.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Hon. DEBRA A. LIVINGSTON, Circuit Judges.

**SUMMARY ORDER**

In 1989, Thomas Mickens was convicted in the United States District Court for the Eastern District of New York (Platt, J.) of, *inter alia,* various counts of conspiracy, tax evasion, and money laundering. He was sentenced to thirty-five years of imprisonment and his conviction was affirmed on appeal. *United States v.*

*Mickens,* 926 F.2d 1323 (2d Cir.1991). We assume the parties' familiarity with the underlying facts and procedural history of the case.

On April 23, 1997, Mickens filed a petition pursuant to 28 U.S.C. § 2255 claiming that his trial counsel, Robert Simels, was ineffective because he may have failed to convey a plea offer. Following the denial of his petition, Mickens made attempts to discern whether a plea agreement had indeed been offered. In November 2002, he received a copy of a draft plea agreement dated October 27, 1988 about which Simels had not informed him. In the agreement, Mickens was offered the opportunity to plead guilty to one count of a superseding indictment and one count of a superseding information. The agreement was conditional. It required all of the defendants to plead guilty, was "subject to negotiation if the defendant want[ed] to cooperate with the government," and expired on November 8. Not all of the defendants agreed to accept the plea agreement and it expired. Two defendants later pled guilty without plea agreements.

After discovering the draft plea agreement, Mickens submitted a motion under Fed.R.Crim.P. 60(b) seeking to vacate his prior conviction or, in the alternative, for reconsideration of the district court's denial of his habeas petition based on a renewed claim of ineffective assistance of counsel.

Judge Joanna Seybert, to whom the case had been reassigned, found, *inter alia,* that Simels' conduct in receiving a plea offer from the government but failing to communicate it violated the first prong of the *Strickland v. Washington* test. *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Judge Seybert also found, however, that Mickens had failed to demonstrate prejudice (the second *Strickland* prong) because

the plea agreement required all of the defendants to plead and two of the co-defendants decided to go to trial.

Mickens subsequently filed a motion for reconsideration which the district court denied. The court retreated from its prior position on the global plea due to evidence that the government had allowed two other defendants to plead guilty without agreements. Nonetheless, the district court did not credit Mickens' argument that he would have pled, pointing to his consistent assertions that he wished to go to trial and to the vigorous defense he mounted. The court also found significant a post-trial affidavit in which Mickens indicated substantial satisfaction with Simels' representation. The district court's findings of fact are reviewed for clear error. *United States v. Gordon,* 156 F.3d 376, 379 (2d Cir.1998). The court's conclusions of law are reviewed *de novo. Id.*

## Discussion

A petitioner claiming ineffective assistance of counsel must show first that "counsel's representation fell below an objective standard of reasonableness," *Strickland,* 466 U.S. at 688, 104 S.Ct. 2052, and second, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694, 104 S.Ct. 2052.

Neither party contests that Mickens satisfied the first prong of the *Strickland* standard. This court has stated that "[a] defendant suffers a Sixth Amendment injury where his attorney fails to convey a plea offer. Defense counsel have a constitutional duty to give their clients professional advice on the crucial decision of whether to accept a plea offer from the

government." *Pham v. United States,* 317 F.3d 178, 182 (2d Cir.2003) (emphasis removed). Further, "there is no dispute that failure to convey a plea offer is unreasonable performance." *Id.* at 183 (citing *Cullen v. United States,* 194 F.3d 401, 404 (2d Cir.1999) (emphasis omitted)). To establish prejudice, however, Mickens must show that there is a reasonable probability that absent Simels' errors, the outcome would have been different. The government maintains that Mickens has not established prejudice. We agree.

The district court, having the opportunity to assess Mickens' credibility, disbelieved his testimony that he would have accepted the plea agreement. We see no reason to disturb this conclusion. In addition, as noted, the plea agreement was a global offer dependent on all defendants electing to plead guilty, which two defendants refused to do. In any event, the offer expired on November 8, 1988 and there was no indication that it was renewed. In light of these facts, we believe that Mickens has not demonstrated prejudice as a result of his counsel's failure to forward the agreement. We also find that the remainder of Mickens' contentions are without merit.

For all the foregoing reasons, the district court's opinion is AFFIRMED.